**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4323**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES WINFRED HALL, JR., a/k/a Silk,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:19-cr-00489-BO-1)

Submitted:  March 10, 2023                                    Decided:  June 13, 2023

Before RICHARDSON, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Brian Michael Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Lucy P. Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Winfred Hall, Jr., appeals from his convictions and 285-month sentence entered following the jury's verdict. Hall was found guilty of two counts of aiding and abetting interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2, as well as two counts of aiding and abetting possession of a firearm and brandishing in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(l)(A)(ii). On appeal, Hall challenges the court's statement regarding the need for a witness and the procedural reasonableness of his sentence. We affirm.

Hall first asserts that the district court plainly erred by stating, in front of the jury, that the Government did not need to present the testimony of an expert witness regarding the location of Hall's cell phone during the robberies. A law enforcement officer testified that he had mapped Hall's cell phone records and determined that the phone was in the area of one robbery. However, the officer informed the jury that he was not an expert in cell phone data and read for the jury a disclaimer associated with using the records to identify customer location, noting varying accuracy. The Government stated that its expert witness would not be available until a later time, and the district court responded, "You don't need him." Hall contends that the judge's statement conveyed to the jury that the Government had established beyond a reasonable doubt that Hall and his cell phone were at the site of a particular robbery, regardless of the lack of certification of the accuracy of the records.

Because Hall did not object below, he correctly notes that his claim is reviewed for plain error. *United States v. Young*, 470 U.S. 1, 15-16 (1985). "Especially when addressing plain error, a reviewing court cannot properly evaluate a case except by viewing such a

2

claim against the entire record." *Id.* at 16.  Thus, even inappropriate and erroneous remarks are not plain error unless the remarks "undermine the fundamental fairness of the trial and contribute to a miscarriage of justice." *Id.*

Even assuming that the court's statement was an improper comment on the Government's evidence, we find that Hall cannot show a miscarriage of justice.  The evidence at trial was overwhelming, consisting of testimony by eyewitnesses and codefendants, which was further corroborated by video and physical evidence.  As such, a statement by the district court that could be viewed as bolstering the cell phone evidence is unlikely to have had any material effect on the jury's view of the case.  Further, the remark in question was isolated, and the court gave curative instructions both pre- and post-trial reminding the jury that any comment made by the court, aside from its instructions of law, should be disregarded when reaching a verdict.  In sum, the court's remark, when viewed in the full context of the evidence presented at trial, does not rise to the level of plain error.  *See United States v. Roof*, 10 F.4th 314, 376 (4th Cir. 2021) (reviewing unsolicited and prejudicial witness statements for plain error).

Hall next contends that his sentence was procedurally unreasonable because the district court did not address his arguments for a lower sentence.  "A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted).  In explaining its sentence, the "court must address or consider all non-frivolous reasons presented for imposing a different

3

sentence and explain why it has rejected those arguments." *United States v. Webb*, 965 F.3d 262, 270 (4th Cir. July 13, 2020) (brackets and internal quotation marks omitted).

"The adequacy of the sentencing court's explanation depends on the complexity of each case and the facts and arguments presented." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). Generally, an "explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments" in mitigation. *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (brackets and internal quotation marks omitted). "The court's explanation should set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmkaing authority." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (brackets and internal quotation marks omitted).

While "it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision," we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (internal quotation marks omitted). Nor may we "assume that the court has silently adopted arguments presented by a party." *United States v. Nance*, 957 F.3d 204, 214 (4th Cir. 2020) (internal quotation marks omitted). Where the court fully addresses the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf." *Id.* Nonetheless, a district court's failure to give

4

"specific attention" to nonfrivolous arguments results in a procedurally unreasonable sentence. *Lewis*, 958 F.3d at 245 (internal quotation marks omitted).

Here, Hall's arguments were brief and conclusory. While he argued that his age merited a lower sentence, he did not explain why the fact that he would be in his late 60s when he was released weighed against a Guidelines sentence. Moreover, counsel's request for a sizable downward variance request was not supported by a discussion of the 18 U.S.C. § 3553 factors; as such, the Government's assertions regarding Hall's criminal history and the necessity for deterrence and protection of the public were not challenged.

Further, although the court's reasoning was also brief, the court stated that it considered the § 3553(a) factors, the seriousness of Hall's conduct and role in the robbery offenses, and his past conduct. In addition, the court conducted a brief colloquy with Hall's counsel regarding her request for a downward variance, asking for clarification and demonstrating that it had considered and rejected the argument. *See Blue*, 877 F.3d at 521 (noting that reviewing court may infer that district court considered defendant's arguments if "the sentencing court engages counsel in a discussion about that argument").

In addition, the Government asserts that any procedural error was harmless. To succeed in this argument, the Government must provide "pro[of] that the error did not have a substantial and injurious effect or influence on the result." *Ross*, 912 F.3d at 745 (internal quotation marks omitted). In other words, the Government must show that Hall did not receive a longer sentence because of the district court's failure to consider his nonfrivolous arguments. Here, the Government contends that Hall's arguments were weak and did not support a downward variance in light of Hall's criminal conduct and history.

5

In *United States v. Boulware*, 604 F.3d 832, 839-40 (4th Cir. 2010), we found the district court's error harmless because the court explained that it had considered the sentencing factors, "emphasized the need for specific and general deterrence," and determined that the defendant's arguments were "very weak." Similarly here, Hall's arguments were quite weak. His advanced age upon release from a lengthy sentence is not atypical, and he presented no argument distinguishing his circumstances from the average prisoner.[*] Further, the district court stated that it considered the sentencing factors, emphasizing Hall's serious criminal conduct, leadership role, and criminal history. Moreover, the court imposed a lower sentence than that requested by the Government, and Hall has not responded to the Government's assertions of harmless error on appeal. Accordingly, even if the district court erred in failing to provide a sufficient explanation for rejecting Hall's requested variance, any error was harmless.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Hall also argued in district court that he was not the gunman. While Hall does not explicitly address this argument on appeal, any claim would be frivolous, as Hall was given a leadership enhancement for his role in the robberies. Moreover, prior to imposing sentence, the court noted that Hall planned and initiated the robberies.